JOSEPH MORRALL, JR.    *
           *
  Plaintiff,     *
           *
    v.      *    CV 114-086
           *
CITIMORTGAGE, INC.; FREDDIE *
MAC; PENDERGAST & ASSOCIATES, *
P.C.; ELLIS, PAINTER, RATTERREE, *
& ADAMS, LLP,     *
           *
  Defendants.    *

# O R D E R

This matter is now before the Court on Defendants' separately-filed motions to dismiss. (Docs. 6, 7, 8, 9.) In this action, Plaintiff Joseph Morrall, Jr. charges Defendants with several claims arising from his former ownership of 2311 Perot Drive, Hephzibah, Georgia 30815 ("the Property"), namely wrongful foreclosure, fraud, breach of an oral contract, and violation of the "Georgia Business & Professions Code Section 17200, *et seq.*" Mr. Morrall, whose home Defendant CitiMortgage, Inc. ("Citi") foreclosed upon in December 2013, appears to contend that Citi (1) failed to provide him notice of the initiation of proceedings under the power of sale as required by O.C.G.A. § 44-14-162.2 and (2) failed to exercise fairly and in good faith the power of sale, as Mr. Morrall received assurances, orally and in writing, that the Property would not be foreclosed upon during the period in which Citi considered his loan modification. For the reasons set forth

below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant CitiMortgage, Inc.'s Motion to Dismiss (Doc. 6), and **GRANTS** the motions to dismiss filed by Defendants Freddie Mac (Doc. 7), Pendergast & Associates, P.C. (Doc. 8), and Ellis, Painter, Ratterree & Adams, LLP (Doc. 9).

## I. BACKGROUND

On March 5, 2004, Mr. Morrall obtained a mortgage loan for $92,900.00 ("the Loan") from ABN AMRO Mortgage Group, Inc. ("ABN"), secured by the property located at 2311 Perot Drive, Hephzibah, Georgia 30815. (Doc. 6, Ex. A ("Deed"), at 2.)[1] Mr. Morrall also signed and delivered to ABN a Security Deed ("the Deed"), which granted ABN and its successors and assigns power of sale. (Id. at 3.) On August 31, 2007, ABN merged with and into CitiMortgage. (Citi Br., Doc. 6-1, at 2.)

According to Defendants, Mr. Morrall defaulted on the Loan, a fact he does not appear to contest. (Id.) To the extent the Court can discern, Citi commenced non-judicial foreclosure proceedings at various points in 2008, 2009, 2010, 2012, and 2013.[2] At issue here is the latter of these dates. In November and December 2013, Mr.

---

[1]  "The court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," meaning the "authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted).

[2]  Neither party provides the Court with many relevant facts or a comprehensive timeline of the default and proceedings herein contested. Public notices appearing in The Augusta Chronicle, however, indicate that a foreclosure sale for Mr. Morrall's property was noticed publicly in all the aforementioned years.

Morrall "had numerous communications with [C]iti[M]ortgage Homeowner Support Specialist Allen Byron" about a potential loan modification. (Doc. 1, Ex. A ("Compl."), at 7.) On November 18, 2013, Mr. Byron "told [Mr. Morrall] that his modification program has been extend [sic] and the new deadline for information return is December 23, 2013 and that it would not foreclose while Plaintiff's loan modification agreement was being considered." (Id.) On December 4 and 5, 2013, Luis Ruiz notified Mr. Morrall "via e-mail/letter that he was working on [his] modification and the review process could take up to 30 days." (Id.) Mr. Morrall then received an eviction notice on December 12, 2013. (Id.) In response, he called Brian S. Goldberg, "the Defendant foreclosure attorney," and Ellis, Painter, Ratterree & Adams ("EPRA"), "Defendant['s] eviction attorney." (Id.) Mr. Goldberg informed Mr. Morrall that the Property had been sold at a foreclosure sale on December 3, 2013. (Id.)

On February 28, 2014, Mr. Morrall, proceeding *pro se*, filed suit in the Superior Court of Richmond County, Georgia. He framed his case as a "Wrongful Foreclosure Lawsuit," and identified eight claims: Negligence; Violation of Business & Professions Code of Georgia; Breach of Contract; Breach of Note; Fraud; Unlawful Eviction; Wrongful Foreclosure; and Breach of the Implied Covenant of Good Faith and Fair Dealing. (Compl. at 3.) Defendants Citi and Freddie Mac timely removed the action to this Court on April 2, 2014. (Doc. 1.) Immediately thereafter, Defendants filed the

3

present motions to dismiss, asserting that Mr. Morrall has failed to meet the requisite pleading standards of Federal Rules of Civil Procedure 8 and 9(b) and otherwise has not stated actionable claims for relief under Rule 12(b)(6).

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require detailed factual allegations, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, in order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 670). That is, the plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citation omitted).

Furthermore, when considering a motion to dismiss under Rule 12(b)(6), the Court must test the *legal* sufficiency of the

4

complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "Dismissal of a complaint is appropriate 'when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *2 (N.D. Ga. Sept. 27, 2011) (citing Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Here, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Lastly, when plaintiffs act *pro se*, the pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Indeed, *pro se* claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted).

# III. DISCUSSION

As previously mentioned, Mr. Morrall identified eight claims he intended to pursue on the Complaint's cover sheet: Negligence; Violation of Business & Professions Code of Georgia; Breach of Contract; Breach of Note; Fraud; Unlawful Eviction; Wrongful Foreclosure; and Breach of the Implied Covenant of Good Faith and Fair Dealing. (Compl. at 3.) The body of the Complaint, however, contains only the following sections: General Allegations; Fraud ("Count I"); Unfair Practices ("Count II"); Breach of Oral Contract ("Count III"); Declaratory Relief ("Count IV"); and Prayer for Relief. (Compl. at 4-9.) Accordingly, where Mr. Morrall failed to separately designate a cause of action as a "Count" — like, for example, wrongful foreclosure — the Court heeds its duty to construe liberally the factual allegations to present such a claim.

## A.    Wrongful Foreclosure

"In Georgia, the essential elements of a wrongful foreclosure claim include the following: (1) a legal duty owed to plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the alleged injury, and (4) damages." <u>Warthen v. Litton Loan Servicing LP</u>, No. 1:11-CV-02704, 2012 WL 4075629, at *3 (N.D. Ga. Mar. 26, 2012)(citing <u>Gregorakos v. Wells Fargo Nat'l Ass'n</u>, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007)).    Mr. Morrall appears to assert a claim for wrongful

foreclosure based on two separate theories:[3] (1) Citi's alleged failure to provide notice of the initiation of proceedings under the power of sale; and (2) Citi's breach of the implied covenant of good faith and fair dealing in exercising the power of sale. Citi responds simply that it had the authority to foreclose on the Property and Mr. Morrall's allegations with respect to "procedure" are too conclusory and nonspecific to survive dismissal. (Citi Br. at 9.)

## 1. Failure to Provide Proper Notice

In the present case, Mr. Morrall has alleged — albeit not in a separately identified claim — that Citi did not give him notice of the foreclosure sale and that he suffered damages as a result. (Compl. at 4, 9 (identifying O.C.G.A. § 44-14-162.2 and stating that Citi[M]ortgage "never disclose [sic] to Plaintiff that subject property was being sold December 3, 2013" and that "Plaintiff lost his home and suffered great emotional distress").) Georgia law requires a secured creditor to provide the debtor with written notice of the scheduled foreclosure sale at least thirty days in advance. O.C.G.A. § 44-14-162.2. "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale

---

[3]  Mr. Morrall also contends generally that Defendants "conducted a foreclosure sale of the Subject Property without any legal authority of standing to do so." (Compl. at 4.) In his sur-reply, however, Mr. Morrall concedes that Citi "had the authority to proceed with a non-judicial sale," and clarifies that he merely challenges Defendants' purported failure to follow the procedures for initiating the sale under Georgia law. (Pl.'s Sur-Reply, Doc. 23, at 1-2.) The Court, therefore, will not address any claim based on lack of "legal authority" or "standing" as Mr. Morrall has abandoned them.

to the debtor in accordance with O.C.G.A. § 44-14-162 *et seq.*, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 417 (Ga. Ct. App. 2008).

Accepting Mr. Morrall's allegations of "no notice" as true, the Court finds that Mr. Morrall has sufficiently stated a claim for wrongful foreclosure on this theory. See Joseph v. Fed. Home Loan Mortg. Corp., No. 1:12-CV-01022-RWS, 2012 WL 5429639, at *3 (N.D. Ga. Nov. 6, 2012); Alexis v. Mortgage Elec. Registration Sys., Inc., No. 1:11-CV-01967-RWS, 2012 WL 716161, at *4 (N.D. Ga. Mar. 5, 2012); Innocent v. Wachovia Mortgage Corp., No. 1:10-CV-03799-RWS, 2012 WL 602129, at *3 (N.D. Ga. Feb. 22, 2012).

### 2. Failure to Exercise Fairly and in Good Faith the Power of Sale

In Georgia, a foreclosing creditor also has a duty to exercise fairly the power of sale. O.C.G.A. § 23-2-114; see also DeGolyer v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) ("Where a grantee does not comply with the statutory duty under OCGA § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."). In asserting a separate claim for fraud, Mr. Morrall alleges that Citi told him, orally and in writing, that it would not foreclose on the property during the time his loan modification request was under review. (Compl. at 5, 7.) When a lender makes some affirmative misrepresentation that renders the

foreclosure sale unfair, a claim for wrongful foreclosure may stand independently of a claim for fraud. Watts v. Bank of New York Mellon, N.A., No. 1:13-CV-2701-TWT, 2014 WL 695222, at *3 (N.D. Ga. Feb. 21, 2014).

To the extent Mr. Morrall seeks to recover under this theory at all,[4] the facts of his case are distinguishable from the precedent in this Circuit that permits § 23-2-114 claims to move forward in the loan modification dispute context. In Joseph, for example, a bank told the plaintiff in writing to stop making payments in order to receive a loan modification. Joseph, 2012 WL 5429639, at *3. There, a claim for wrongful foreclosure existed because the bank failed to exercise its power of sale fairly and in good faith by telling the plaintiff *to stop making payments* but then foreclosing anyway. Id. Similarly, in Stimus v. CitiMortgage, Inc., the bank made repeated oral and written assurances over the course of two years that it would grant a modification to the plaintiff. Stimus v. CitiMortgage, Inc., No. 5:10-CV-435 MTT, 2011 WL 2610391, at *1-3, *5 (M.D. Ga. July 1, 2011). The plaintiff faithfully made payments pursuant to their tentative oral modification agreement. Id. CitiMortgage accepted the payments and negotiated the checks, but the plaintiff never received any paperwork regarding the loan modification. Id. at *3.

---

[4]     Mr. Morrall identifies "Breach of the Implied Covenant of Good Faith and Fair Dealing" as his eighth enumerated claim on the cover page of his Complaint, but there is no corresponding argument within the Complaint's body.

The court held that these facts were sufficient to sustain the plaintiff's wrongful foreclosure claim. Id. at *5.

In this case, Citi did nothing to prevent Mr. Morrall from making payments on his loan, and as such, Mr. Morrall cannot establish a causal connection between Citi's purported breach of good faith and the loss of his home. See Chadwick v. Bank of Am., N.A., No. 1:12-CV-3532-TWT, 2014 WL 4449833, at *5 (N.D. Ga. Sept. 9, 2014). The parties agree that Mr. Morrall failed to pay. (See Citi Br. at 3 (stating that Mr. Morrall stopped making payments altogether); Pl.'s Sur-Reply at 1 (conceding that Citi had the authority to foreclose).) Mr. Morrall does not allege that he tendered any amount owing. Solely entering into modification negotiations would not have excused him from making payments under the terms of the Deed, and Citi was under no obligation to grant him a modification. Freeman v. Wells Fargo Bank, N.A., No. 1:12-CV-2854-RWS, 2013 WL 2637121, at *4 (N.D. Ga. June 11, 2013), reconsideration denied, No. 1:12-CV-2854-RWS, 2013 WL 5885908 (N.D. Ga. Oct. 31, 2013); Chadwick, 2014 WL 4449833, at *5 (noting that "[p]recedent from this Court . . . does not require a bank to respond to a loan modification request prior to foreclosure") (citation omitted); see also Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013) ("[S]eeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure.") (citations omitted). Ultimately, Mr. Morrall's failure to tender the amount due is a complete bar to recovery for

wrongful foreclosure based on this theory, as without such payment it cannot be said that Citi's purported "bad faith" representations or negotiations caused his damages: Mr. Morrall instead caused his own damages by failing to pay. Chadwick, 2014 WL 4449833, at *5 (citations omitted).

**B. Fraud (Count I)**

"[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). To sufficiently plead a claim for fraud, plaintiffs in Georgia must establish five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (quoting Baxter v. Fairfield Fin. Servs., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010)). This rule alerts defendants to the precise misconduct with which they are charged and protects defendants against spurious charges of fraudulent behavior. Steinberg v. Barclay's Nominees, No. 04-60897, 2008 WL 4601043, at *11 (S.D. Fla. Sept. 30, 2008) (citing Brooks v. Blue Cross Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997)). The Eleventh Circuit Court of Appeals further mandates that a complaint in compliance with Rule 9(b) must set forth: (1) precisely what statements were made in what documents or oral representations or

what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Kabir, 2011 WL 4500050, at *6.

Construing the Complaint liberally, the Court finds Mr. Morrall has satisfied the heightened pleading standard outlined above. Although he failed to include the requisite factual paragraphs stating "who, what, when, where, and how" under the designated claim for fraud, he does so elsewhere. Specifically, he alleges Mr. Byron and Ms. Ruiz represented to him via phone on November 18, 2013 and via e-mail/letter on December 4 and 5, 2013, respectively, that Citi would not foreclose during the time it considered his loan modification request or application. (See Compl. at 7.) He contends such statements were "false and fraudulent" as a sale had already been scheduled for December 3, 2013 without Mr. Morrall's knowledge. (Id. at 5.) Mr. Morrall further states that "[Citi] intentionally made the support specialist as a part of their pattern and practice to deceive borrowers such as Plaintiff into relying to their detriment so they could foreclose on homes before borrowers could seek other remedies or options." (Id. at 4.) Furthermore, he alleges that "[i]f [Citi] had not purported to engage in a loan modification process the Plaintiff would have focused his time on seeking alternatives

12

to foreclosure other than loan modification, such as reorganization under [b]ankruptcy law." (Id. at 7.) As a result, Mr. Morrall lost his home to Citi's benefit. (See id. at 1.)

Nevertheless, Mr. Morrall's fraud allegations fail to state a claim upon which this Court can grant relief. In McGowan v. Homeward Residential, Inc., 500 F. App'x 882 (11th Cir. 2012) (per curiam), the Eleventh Circuit Court of Appeals affirmed the dismissal of the plaintiffs' fraud/misrepresentation claim, which alleged their loan servicer attempted to foreclose even though the parties had entered into a temporary forbearance agreement. Id. at 884-85. The Court found that "forbearance agreements are unenforceable for lack of consideration under the pre-existing duty rule, which provides that '[a]n agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.'" Id. (citing Citizens Trust Bank v. White, 618 S.E.2d 9, 11-12 (Ga. Ct. App. 2005)). As the Court concluded the forbearance agreements were not binding, the plaintiffs' fraud/misrepresentation claim — which alleged *only* that the loan servicer breached that promised to forbear — was rightfully dismissed. Id. at 885.

Mr. Morrall's fraud claim likewise alleges only that Citi breached some type of forbearance agreement, oral or otherwise. Although Citi's purported promise to forbear from foreclosure was adequate consideration to consummate this "agreement," Mr. Morrall offered nothing in return. He was in default under the note. Even

his promise to pay the debts already owed would be insufficient to make the "agreement" enforceable. See McGowan, 500 F. App'x at 885 (quoting Citizens Trust Bank, 618 S.E.2d at 11-12); see also Phillips v. Atl. Bank & Trust Co., 309 S.E.2d 813, 814 (1983). Accordingly, Citi's alleged "agreement" not to foreclose . . . constitutes nothing more than an unenforceable, broken promise" and Mr. Morrall's claim of fraud based on this alleged promise must be **DISMISSED**. See Phillips, 309 S.E.2d at 814.

    **C.    Violation of the "Georgia Business & Professions Code 17200" (Count II)**

In Count II, Mr. Morrall identifies ten acts or practices related to "mortgage loan servicing, assignments[,] notes and deeds of trust, [and] foreclosure of residential properties" in which Defendants purportedly engaged that constitute "per se violations of Georgia Business and Professions Code 17000." (Compl. at 6.) No such code exists in Georgia. Title 43 of the Georgia Code regulates Georgia "Professions and Businesses," but does not address general business practices, unfair competition, etc. To the extent Mr. Morrall intends to invoke the Georgia Fair Business Practices Act ("GPBPA"), O.C.G.A. § 10-1-393 *et seq.*, and pretermitting whether his enumerated allegations are supported with sufficient factual matter to satisfy Rule 8, Mr. Morrall cannot state a claim in this case for a violation of the GFBPA.

The GFBPA does not apply to "actions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." O.C.G.A. § 10-1-396(1). "Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims relating to either are exempt from the . . . [GFBPA]." Jackman v. Hasty, No. 1:11-CV-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. March 8, 2011).

Defendant Citi suggests that Mr. Morrall appears to invoke the California Business & Professions Code, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." (Citi Br. at 11-13 (citing CAL. BUS. & PROF. CODE § 17200).) Again, to the extent Mr. Morrall intends to invoke California's unfair competition laws, and pretermitting whether his enumerated allegations are supported with sufficient factual matter to satisfy Rule 8, Mr. Morrall cannot state a claim in this case for such a violation.

Section 17200 "does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California." Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1231, 1239 (S.D. Fla. 2011) (quoting Churchill Vill., L.L.C. v. Gen. Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000)). Mr. Morrall is a resident of Georgia (see Compl. at 1; see also Doc. 24), and Defendant Citi is a New York corporation with its principal place of business in Missouri (Doc. 1, ¶ 10). "Courts

have allowed out-of-state purchasers to sue California defendants, but only when there was alleged misconduct within California." Zarrella, 755 F. Supp. 2d at 1239 (citations omitted). Mr. Morrall, however, makes no allegations whatsoever that Defendant Citi's purported misconduct occurred in California.

Construing Count II as liberally as the Court may, Mr. Morrall has failed to state an actionable claim and thus it is due to be **DISMISSED**.

### D. Breach of Oral Contract (Count III)

In Count III, Mr. Morrall contends that Citi breached its oral promise to forebear foreclosure while it considered or reviewed his "loan modification agreement." (See Compl. at 7.) Specifically, he asserts that he "had numerous communications" with Mr. Byron and Mr. Ruiz, who "reiterated and assured Plaintiff that they would not proceed or continue with foreclosure process with regard to Subject Property while they were reviewing Plaintiffs [sic] request for loan modification . . . pursuant to HAMP," but Citi "breached that promise by foreclosing anyway." (Id.)

Oral and unwritten agreements regarding any commitment to lend money or any interests in lands — including reinstating a mortgage, refinancing a mortgage, or forbearing from foreclosure proceedings — are unenforceable under the Georgia Statute of Frauds. Desouza v. Fed. Home Mortg. Corp., 572 F. App'x 719, 723 (11th Cir. 2014) (citations omitted); Jean v. Am. Home Mortg. Servicing, Inc., No.

16

1:11-CV-1101-WSD, 2012 WL 1110090, at *4 (N.D. Ga. Mar. 30, 2012) (citing James v. Safari Enters., Inc., 537 S.E.2d 103, 104 (Ga. Ct. App. 2000); Allen v. Tucker Fed. Bank, 510 S.E.2d 546, 546–47 (Ga. Ct. App. 1998); O.C.G.A. § 13-5-30). "A plaintiff cannot sue to enforce a promise that fails to satisfy the statute of frauds." Desouza, 572 F. App'x at 723 (citing Studdard v. George D. Warthen Bank, 427 S.E.2d 58, 59 (Ga. Ct. App. 1993)). Accordingly, Mr. Morrall's claim that Mr. Bryon's or Mr. Ruiz's verbal pledges created contracts that Citi subsequently breached fails as a matter of law and must be **DISMISSED**.

### E. Declaratory Relief (Count IV)

Count IV of Mr. Morrall's Complaint states that "[a]n actual dispute exists between Plaintiff and Citi[M]ortgage . . . as to the ownership of the Subject Property, and validity, if any, and amount, if any, [of] leins [sic] that were on the Subject Property prior to foreclosure." (Compl. at 8.) He continues, "[d]ue to this dispute as to the rights, and interests of parties, in this matter, Plaintiff request [sic] that the Court enforce [sic] these rights with issuance of injunctions or restraining orders as may be necessary to place the parties in their proper position with respect to their interests." (Id.)

To the extent Mr. Morrall requests declaratory relief, the Court **DENIES** Defendants' motions to dismiss as Mr. Morrall's wrongful foreclosure claim survives. To the extent Mr. Morrall

17

seeks injunctive relief, he has failed to demonstrate (1) a substantial likelihood of success on the merits of the underlying case, (2) that he will suffer irreparable harm in the absence of an injunction, (3) that the harm suffered by him in the absence of an injunction would exceed the harm to the opposing party of an injunction were issued, and (4) that an injunction would not disserve the public interest. Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). "[A] preliminary injunction is an 'extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites.'" Lesman v. Mortg. Elec. Registration Sys., Inc., No. 2:12-CV-00023-RWS, 2013 WL 603895, at *5 (N.D. Ga. Feb. 19, 2013), appeal dismissed, (May 15, 2013)(citing Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985)).

Even though the Court finds Mr. Morrall has stated a claim for wrongful foreclosure based on lack of notice and thus *may* prevail on the merits, he has not demonstrated that in the absence of an injunction he would suffer irreparable harm of any kind. The foreclosure sale has already occurred and, to the extent the Court can discern, Mr. Morrall has already been dispossessed (see Doc. 24). Injunctive relief at this stage would serve no purpose.

**F. Relief**

In the Complaint, Mr. Morrall seeks, *inter alia*, compensatory damages, punitive damages, and cancellation of the foreclosure. (See Compl. at 8-9.) All of these potential damages are available in a suit for wrongful foreclosure. Campbell v. Bank of Am., N.A., No. 1:10-CV-3657-JEC, 2012 WL 879222, at *6 (N.D. Ga. Mar. 12, 2012) (listing cases). On the present record, Defendants' motions to dismiss Mr. Morrall's claims for these forms of relief are **DENIED.**

Mr. Morrall also requests attorney's fees. (Compl. at 9.) As he has elected to proceed *pro se*, however, he is not entitled to them. Paulo v. OneWest Bank, FSB, No. 1:13-CV-3695-WSD, 2014 WL 3557703, at *6 (N.D. Ga. July 18, 2014); Moten v. Broward Cnty., Fla., No. 10-62398, 2012 WL 526790, at *3 (S.D. Fla. Feb. 16, 2012) (collecting cases in which the Eleventh Circuit denied *pro se* litigants' requests for attorney's fees under fee shifting statutes). The Court thus **GRANTS** Defendants' motions in this limited respect.

**G. Defendant Freddie Mac**

Although Mr. Morrall names Freddie Mac as a defendant, he does not mention Freddie Mac even once in the body of his Complaint or briefs. The Court finds that Mr. Morrall has failed to satisfy the basic requirement of notice pleading under Rule 8 with regard to

his claims against Freddie Mac, and therefore all claims against Freddie Mac are **DISMISSED.** (Doc. 7.)

### H. Defendant Pendergast & Associates, P.C. ("Pendergast")

The only instance in which Mr. Morrall mentions Defendant Pendergast in his Complaint is as follows: "[P]laintiff call[ed] Brian S. Goldberg[,] the Defendant foreclosure attorney," who informed him that his house was sold on December 3, 2013. (Compl. at 7.) Mr. Morrall does not allege that Pendergast had any interest in the Property, foreclosed the Property, made any false representation or promises, or owed him any duty. The single allegation that Mr. Morrall spoke to a Pendergast attorney after the foreclosure sale does not satisfy the basic requirements of notice pleading under Rule 8 and fails to raise any plausible claim for relief. Therefore, the Court **GRANTS** Pendergast & Associates, P.C.'s Motion to Dismiss. (Doc. 8.)

### I. Defendant Ellis, Painter, Ratterree & Adams, LLP

As with Defendant Pendergast, the only instance in which Mr. Morrall mentions Defendant EPRA is as follows: "[P]laintiff call[ed] . . . Ellis, Painter, Ratterree & Adams LLP[,] Defendants [sic] eviction attorney regarding this matter." (Compl. at 7.) Mr. Morrall does not allege that EPRA had any interest in the Property, foreclosed the Property, made any false representation or promises, or owed him any duty. The single allegation that Mr. Morrall called EPRA after the foreclosure sale does not satisfy the

basic requirements of notice pleading under Rule 8 and fails to raise any plausible claim for relief.  Therefore, the Court **GRANTS** Ellis, Painter, Ratterree & Adams, LLP's Motion to Dismiss.  (Doc. 10.)

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant CitiMortgage, Inc.'s Motion to Dismiss (Doc. 6). Plaintiff's wrongful foreclosure claim based on Citi's purported failure to provide notice **SHALL PROCEED**, as well as Mr. Morrall's claim for declaratory relief.

As to the remaining Defendants and claims, the Court notes that the Eleventh Circuit Court of Appeals has held that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile.  <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007); <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991).  A more carefully drafted complaint would not state plausible claims in this case for breach of the duty of good faith and fair dealing, fraud, breach of an oral contract, injunctive relief, or attorney's fees: these claims are barred as a matter of law.  Nor would a more carefully drafted complaint state claims in this case against Defendants Freddie Mac, Pendergast & Associates, P.C., and Ellis, Painter, Ratterree & Adams, LLC.

Indeed, the Complaint is wholly devoid of facts to support any claim against them.

Accordingly, with the exception of Plaintiff's wrongful foreclosure claim and claim for declaratory relief, the Court **DISMISSES WITH PREJUDICE** all remaining claims against Defendant CitiMortgage, Inc. The Court further **DISMISSES WITH PREJUDICE** *all* of Plaintiff's claims against Freddie Mac (Doc. 7), Pendergast & Associates, P.C. (Doc. 8), and Ellis, Painter, Ratterree & Adams, LLP (Doc. 9). The Clerk **SHALL TERMINATE** these three parties as defendants in this action, as well as all deadlines and motions pertaining to them.

**ORDER ENTERED** at Augusta, Georgia, this _25th_ day of February, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA